IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Nathan Vidal, Debra Kennick, Abdjul Martin, and Eduardo Granados, on behalf of themselves and all other similarly situated individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>The Hershey Company,<br><br>Defendant. | Case No.:<br><br>**JURY TRIAL DEMANDED** |

# CLASS ACTION COMPLAINT

Plaintiffs Nathan Vidal, Debra Kennick, Abdjul Martin, and Eduardo Granados (referred herein as "Plaintiffs"), by and through their undersigned counsel, upon personal knowledge as to themselves and upon information and belief as to all other matters, allege as follows:

1. Plaintiffs bring this action against defendant The Hershey Company (referred to herein as "Hershey" or "Defendant"), on behalf of themselves and all other similarly situated individuals who purchased a Reese's Peanut Butter product based on a false and deceptive representation of an artistic carving contained on said product.

2. Said Reese's Peanut Butter products include the following products: Reese's Medal, Reese's Peanut Butter Pumpkins, Reese's White Pumpkins, Reese's Pieces Pumpkins, Reese's Peanut Butter Ghost, Reese's White Ghost, Reese's Peanut Butter Bats, Reese's Peanut Butter footBalls, and Reese's Peanut Butter Shapes Assortment Snowmen Stockings Bells (the "Products").

1

**FACTUAL ALLEGATIONS**

3. This is a class action against Hershey for falsely representing several Reese's Peanut Butter products as containing explicit carved out artistic designs when there are no such carvings in the actual products and the products are blanks.

4. Hershey's deceptive advertising is causing many consumers to purchase the Products because of the cool and beautiful carved out designs on the Products' packaging, when they would have not purchased the Products if they were truthfully advertised.

5. For example, Reese's Medal is pictured on the product packaging as containing a beautiful carved out design as follows:



6. However, the actual Reese's Medal contains no carvings at all and is a blank:



7. Reese's Peanut Butter Pumpkins are pictured on the product packaging as containing carved out eyes and a mouth as follows:



8. However, the actual Reese's Peanut Butter Pumpkins product contains no carvings for the eyes and mouth and looks as follows:



9. Reese's White Ghost are pictured on the product label as containing carved out eyes and a mouth:



10. However, the actual Reese's White Ghost product contains no carvings for the eyes and mouth and looks as follows:



11. Reese's Peanut Butter Bats are pictured on the product label as containing carved out eyes:



12. However, the actual Reese's Peanut Butter Bats product contains no carving for the eyes and looks as follows:



13. Reese's Peanut Butter footBalls are pictured on the product label as containing carved out laces:



14. However, the actual Reese's Peanut Butter footBalls product contains no carving for the laces and looks as follows:



15. Hershey's packaging for the Products are materially misleading and numerous consumers have been tricked and misled by the pictures on the Products' packaging.

16. For example, in a YouTube video titled "Reese's Halloween Candy LIED To Me!", the product reviewer was angry after he discovered that the Reese's Peanut Butter Pumpkins did not contain the carved out eyes and mouth as shown on the packaging. *See* https://www.youtube.com/shorts/WbEdIgAoj9w.

17. In a YouTube video titled "Reese's Has Went To FAR", the Reese's Medal was reviewed, and the consumer stated "I thought it would have these grooves in it. It doesn't. That's what I call false advertisement." *See* https://youtu.be/8md-4AhRXmk?t=145.

18. Another YouTube reviewer, in a video titled "Reese's Best Halloween Candy", stated that "we got lied to" after discovering that the detailed eyes of the Reese's White Ghost on the product packaging was missing from the actual product. *See* https://youtu.be/r2g8uGI_AaE?t=141.

19. In a YouTube video titled "Reese's Drops First 2023 Halloween Candy … BUT FAILS!", the Reese's White Ghost product was reviewed and the reviewer stated that "this is a trick, this is not a treat….come on now Hershey's…there's no eyes, there's no mouth, there's no nose….[like the detailed face that] they promised on the packaging…." https://www.youtube.com/shorts/M-kt4h2_gj4.

20. Another YouTube reviewer was "flabbergasted" and stated "Reese's what are you doing! Look at the picture on the packet. It's like a pumpkin with faces and a little mouth -- then you open up the packet and you are presented with that monstrosity." https://youtu.be/CvIZ-C24Hs0?t=253. *See also* https://youtu.be/Dd0jtqorFes?t=45 (a consumer stating "awe man, I thought it would have a face on it, its just a chocolate blob. That's a little disappointing.");

https://youtu.be/xIF9mHil5QI?t=28 (a consumer stating "they are showing faces [on the packaging] with mouths and eyes and of course, they did not do that, they are just plain chocolate....so that is just another example of somewhat misleading advertising and being cheap….").

21. Numerous other consumers, as evidenced by the following linked YouTube videos, complained that the Products did not look like the picture on the packaging:

> https://www.youtube.com/shorts/xh8mf8ZTScs;
> https://www.youtube.com/shorts/wgnmALOKrLg;
> https://www.youtube.com/shorts/Ql0-lYUWCp0;
> https://www.youtube.com/watch?v=TikkzAA64VQ;
> https://youtu.be/CY1mhlEl7Ls?t=42.

22. Even a long-time purchaser of the Reese's White Pumpkins and Reese's Peanut Butter Pumpkins, stated that "it is kind of deceptive because on the front of the package they make it look like there is a little face cut into them, a jack-o-lantern face, and that is not the case. I have bought these, like a said, for years now and they do not have a face cut into them….I just don't think they should do that. If you are going to show a face, put a face on it." *See* https://youtu.be/icCTmmec-pk?t=249.

23. The packaging for the Reese's Products were not always deceptive and misleading.

24. In order to boost sales and revenues of the Products, Hershey's changed the packaging for the Products to include the detailed carvings within the last two to three years.

25. For example, previous packaging for the Reese's Peanut Butter Pumpkins looked as follows prior to the change:



26. Moreover, previous packaging for the Reese's Peanut Butter Bats looked as follows prior to the change:



27. Previous packaging for the Reese's White Ghost also looked as follows prior to the change:



## PLAINTIFFS' INDIVIDUAL ALLEGATIONS

28. On October 29, 2023, while shopping at a Publix grocery store, located in Broward County, Florida, Plaintiff Nathan Vidal saw the Reese's Peanut Butter Pumpkins for sale and believed that the product contained a cool looking carving of a pumpkin's mouth and eyes as pictured on the product packaging.

29. Relying on the picture on the product packaging, Mr. Vidal purchased three bags of Reese's Peanut Butter Pumpkins for approximately $8 each. Mr. Vidal also purchased a bag of Reese's White Pumpkins for approximately $8.

30. However, the Reese's Peanut Butter Pumpkins and Reese's White Pumpkins that Mr. Vidal purchased did not contain any of the artistic carvings of the mouth or eyes as pictured on the label and they were all blank.

31. Mr. Vidal was very disappointed and would not have purchased the Reese's Peanut Butter Pumpkins and Reese's White Pumpkins products if he knew that they did not have the detailed carvings of the mouth and/or eyes as pictured on the products' packaging.

10

32. On December 23, 2023, Plaintiff Debra Hennick stopped in a 7-Eleven located in Volusia County and saw the Reese's Peanut Butter footBalls for sale. Mr. Hennick thought the product looked cool because of the stitched carvings in the football shaped Reese's and wanted to purchase it for her husband as a stocking stuffer.

33. Relying on the picture on the product packaging, Ms. Hennick purchased two king size packs of Reese's Peanut Butter footBalls for approximately $2.59.

34. However, the Reese's Peanut Butter footBalls that Ms. Hennick purchased did not contain any of the artistic carvings of stitches on the football as pictured on the label and they were both blank.

35. Ms. Hennick was very disappointed and would not have purchased the Reese's Peanut Butter footBalls product if she knew that it did not have the detailed artistic carvings of stitches on the football as pictured on the packaging.

36. In October of 2023, while shopping at a CVS, located in Duval County, Florida, Plaintiff Abdjul Martin saw the Reese's Pumpkins, Bats, and Ghosts variety package for sale and believed that the product contained the cool looking artistic carving as pictured on the product packaging.

37. Relying on the picture on the product packaging, Mr. Martin purchased three bags of the Reese's Pumpkins, Bats, and Ghosts variety package for approximately $5.99 each.

38. However, the Reese's Peanut Butter Pumpkins, Bats, and Ghosts that Mr. Martin purchased did not contain any of the artistic carvings as pictured on the product packaging and they were all blank.

39. Mr. Martin was very disappointed and would not have purchased the Reese's Pumpkins, Bats, and Ghosts variety packages if he knew that it did not have the detailed carvings as pictured on the product packaging.

40. On November 2, 2023, while shopping at a Publix grocery store, located in Broward County, Florida, Plaintiff Eduardo Granados saw the Reese's Peanut Butter Pumpkins for sale and believed that the product contained a cool looking carving of a pumpkin's mouth and eyes as pictured on the product packaging.

41. Relying on the picture on the product packaging, Mr. Granados purchased a bag of Reese's Peanut Butter Pumpkins for $2.65.

42. However, the Reese's Peanut Butter Pumpkins that Mr. Granados purchased did not contain any of the artistic carvings of the mouth or eyes as pictured on the label and they were all blank.

43. Mr. Granados was very disappointed and would not have purchased the Reese's Peanut Butter Pumpkins product if he knew that it did not have the detailed carvings of the mouth and/or eyes as pictured on the product packaging.

## THE PARTIES

44. Plaintiff Nathan Vidal is an individual consumer over the age of eighteen (18), who resides in the state of Florida.

45. Plaintiff Debra Hennick is an individual consumer over the age of eighteen (18), who resides in the state of Florida.

46. Plaintiff Abdjul Martin is an individual consumer over the age of eighteen (18), who resides in the state of Florida.

47. Plaintiff Eduardo Granados is an individual consumer over the age of eighteen (18), who resides in the state of Florida.

48. Defendant, The Hershey Company, a Delaware Corporation, is one of the largest chocolate manufacturers in the world and maintains its principal executive offices in Hershey, Pennsylvania. The Hershey Company, at all times material hereto, was registered and conducting business in Florida, maintained agents for the customary transaction of business in Florida, and conducted substantial and not isolated business activity within this state.

49. Hershey manufactures Reese's Peanut Butter products, including the Products at issue in this action.

50. The advertising and labeling for the Products at issue in this case were prepared and/or approved by Hershey and its agents, and were disseminated by Hershey and its agents through advertising and labeling containing the misrepresentations alleged herein.

51. The pictures on the Products' packaging were designed to encourage consumers to purchase the Products and reasonably misled reasonable consumers, including Plaintiffs and the Class into purchasing the Products. Hershey markets and distributes the Products, and is the company that created and/or authorized the unlawful, fraudulent, unfair, misleading and/or deceptive advertising and images for the Products.

52. Plaintiffs allege that, at all times relevant herein, Hershey and its subsidiaries, affiliates, and other related entities and suppliers, as well as their respective employees, were the agents, servants and employees of Hershey and at all times relevant herein, each was acting within the purpose and scope of that agency and employment.

53. In addition, Plaintiff alleges that, in committing the wrongful acts alleged herein, Hershey, in concert with its subsidiaries, affiliates, and/or other related entities and suppliers, and

their respective employees, planned, participated in and furthered a common scheme to induce members of the public to purchase the Products by means of untrue, misleading, deceptive, and/or fraudulent representations, and that Hershey participated in the making of such representations in that it disseminated those misrepresentations and/or caused them to be disseminated.

54. Whenever reference in this Class Action Complaint is made to any act by Hershey or its subsidiaries, affiliates, distributors, retailers and other related entities and suppliers, such allegation shall be deemed to mean that the principals, officers, directors, employees, agents, and/or representatives of Hershey committed, knew of, performed, authorized, ratified and/or directed that act or transaction on behalf of Hershey while actively engaged in the scope of their duties.

## JURISDICTION AND VENUE

55. This Court has original diversity jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). Plaintiffs are citizens of the state of Florida and Defendant is a citizen of the state of Delaware and is headquartered with its principal place of business in the state of Pennsylvania. The matter in controversy, which includes the purchase price for all sales of the Products in the state of Florida during the past three years, exceeds the sum or value of $5,000,000, exclusive of interest and costs, and this is a class action in which the number of members of the proposed class is not less than 100.

56. This Court also has diversity jurisdiction over Plaintiffs' state law claim pursuant to 28 U.S.C. § 1332(a). The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and certain members of the proposed class are citizens of states different from the state in which Defendant is a citizen.

57. Venue is proper pursuant to 28 U.S.C. § 1391. A substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district. Also, Defendant has used the laws within, and has done substantial business in, this judicial district in that it has promoted, marketed, distributed, and sold the products at issue in this judicial district. Finally, there is personal jurisdiction over Defendant in this judicial district.

## CLASS ACTION ALLEGATIONS

58. Plaintiffs bring this action on behalf of themselves and all other similarly situated individuals pursuant to Rule 23 of the Federal Rules of Civil Procedure and seeks certification of the following Class against Defendant for violations of FDUTPA:

> All consumers who purchased one of Products in the State of Florida, as detailed herein, within the statute of limitations period, including any tolling period (the "Class" and "Class Period"). Excluded from the Class are Defendant's current or former officers, directors, and employees; counsel for Plaintiffs and Defendant; and the judicial officer to whom this lawsuit is assigned.

59. Plaintiffs reserve the right to amend the definition of the Class if discovery and further investigation reveals that the Class should be expanded or otherwise modified.

60. Plaintiffs reserve the right to establish sub-classes as appropriate.

61. There is a well-defined community of interest among members of the Class, and the disposition of the claims of these members of the Class in a single action will provide substantial benefits to all parties and to the Court.

62. The members of the Class are so numerous that joinder of all members of the Class is impracticable. At this time, Plaintiffs believe that the Class includes thousands of members. Therefore, the Class is sufficiently numerous that joinder of all members of the Class in a single action is impracticable under Federal Rule of Civil Procedure Rule 23(a)(l), and the resolution of their claims through the procedure of a class action will be of benefit to the parties and the Court.

63. Plaintiffs' claims are typical of the claims of the members of the Class whom they seek to represent because Plaintiffs and each member of the Class has been subjected to the same deceptive and improper practices by Defendant and have been damaged in the same manner.

64. Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class as required by Federal Rule of Civil Procedure Rule 23(a)(4). Plaintiffs have no interests that are adverse to those of the members of the Class that they seek to represent. Plaintiffs are committed to the vigorous prosecution of this action and, to that end, Plaintiffs have retained counsel that is competent and experienced in handling complex class action litigation on behalf of consumers.

65. A class action is superior to all other available methods of the fair and efficient adjudication of the claims asserted in this Complaint under Federal Rule of Civil Procedure 23(b)(3) because:

   a. The expense and burden of individual litigation would not be economically feasible for members of the Class to seek to redress their claims other than through the procedure of a class action.

   b. If separate actions were brought by individual members of the Class, the resulting multiplicity of lawsuits would cause members to seek to redress their claims other than through the procedure of a class action; and

   c. Absent a class action, Defendant likely would retain the benefits of its wrongdoing, and there would be a failure of justice.

66. Common questions of law and fact exist as to the members of the Class, as required by Federal Rule of Civil Procedure 23(a)(2), and predominate over any questions that affect individual members of the Class within the meaning of Federal Rule of Civil Procedure 23(b)(3).

67. The common questions of fact include, but are not limited to, the following:

   a. Whether the practice by Defendant of selling falsely advertised products violate the Florida Deceptive and Unfair Trade Practices Act;

   b. Whether Defendant engaged in unlawful, unfair, misleading, and/or deceptive business acts or practices; and

   c. Whether Plaintiffs and members of the Class are entitled to an award of reasonable attorneys' fees, pre-judgment interest, and costs of this suit.

68. Plaintiffs are not aware of any difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

## COUNT 1
### Violation of Florida Deceptive And Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq*.

69. Plaintiffs bring this claim on behalf of themselves, and the members of the proposed Class.

70. Plaintiffs and the members of the Class are "consumers" within the meaning of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat.§ 501.203(7).

71. Defendant is engaged in "trade or commerce" within the meaning of Fla. Stat. § 501.203(8).

72. FDUTPA prohibits "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce...." Fla. Stat. § 501.204(1).

73. Defendant participated in unfair and deceptive trade practices that violated the FDUTPA as described herein.

74. Defendant's Products are goods within the meaning of FDUTPA.

75. Defendant's unfair and deceptive practices are likely to mislead— and have misled—reasonable consumers, such as Plaintiffs and members of the Class, and therefore, violate § 500.04.

76. Defendant has violated FDUTPA by engaging in the unfair and deceptive practices described above, which offend public policies and are immoral, unethical, unscrupulous and substantially injurious to consumers.

77. Specifically, Defendant marketed and advertised the Products in a deceptive, false and misleading manner by using photographs of the Products that are materially inaccurate.

78. Defendant, directly or through its agents and employees, made false representations, concealments, and nondisclosures to Plaintiffs and members of the Class.

79. Plaintiffs and numerous other customers purchased the Products based on Defendant's false and misleading representations.

80. Plaintiffs and numerous other customers purchased the Products after viewing and relying on the alleged pictures of the Products as contained on the Products' packaging.

81. Plaintiffs and the members of the Class have been aggrieved by Defendant's unfair and deceptive practices in violation of FDUTPA, in that they purchased the Products with the reasonable expectation that the Products would look similar to the pictures displayed on the Products' packaging.

82. Reasonable consumers rely on Defendant to honestly market and label the Products in a way that does not deceive reasonable consumers.

83. Defendant has deceived reasonable consumers, like Plaintiffs and the members of the Class, into believing the Products were something that they were not.

84. Plaintiffs and the members of the Class suffered damages amounting to, at a minimum, the price that they paid for the Products.

85. The damages suffered by Plaintiffs and the members of the Class were directly and proximately caused by the deceptive, misleading, and unfair practices of Defendant.

86. Pursuant to § 501.211(2) and § 501.2105, Plaintiffs and the members of the Class are entitled to damages, attorney's fees and costs.

## RELIEF REQUESTED

87. Accordingly, Plaintiffs, on behalf of themselves and the members of the Class, seek judgment as follows:

1. Certifying the Class as requested herein, certifying Plaintiffs as the representatives of the Class, and appointing Plaintiffs' counsel as counsel for the Class;

2. Ordering that Defendant is financially responsible for notifying all members of the Class of the alleged misrepresentations and omissions set forth herein;

3. Awarding Plaintiffs and the members of the Class compensatory damages in an amount according to proof at trial;

4. Ordering Defendant to correct the deceptive behavior;

5. Awarding attorneys' fees, expenses, and recoverable costs reasonably incurred in connection with the commencement and prosecution of this action; and

6. Directing such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs and the Class demand a trial by jury as to all matters so triable.

Dated: May 17, 2024

/s/ Anthony J. Russo
Anthony J. Russo, Esq.
Florida Bar No. 43109
Anthony J. Russo, Jr., P.A.
d/b/a The Russo Firm
1001 Yamato Road, Suite 106
Boca Raton, FL 33431
T: 844-847-8300
E: anthony@therussofirm.com

*Counsel for plaintiffs
and the proposed class*