**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| Nathan Vidal, Debra Kennick, Abdjul Martin, and Eduardo Granados, on behalf of themselves and all other similarly situated individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>The Hershey Company,<br><br>Defendant. | Case No.: 24-60831-CIV-DAMIAN/Valle |

**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND**
**INCORPORATED MEMORANDUM OF LAW**

Anthony Russo, Esq.
THE RUSSO FIRM
1001 Yamato Road, Suite 106
Boca Raton, FL 33431

James C. Kelly, Esq. (admitted *pro hac vice*)
THE RUSSO FIRM
244 5th Avenue, Suite K-278
New York, NY 10001

## TABLE OF CONTENTS

I.      INTRODUCTION……………………………………………………...………...1

II.     THE PROPOSED CLASS…………………………………………..…….....…2

III.    FACTUAL SUMMARY………………………………………………………...3

IV.     ARGUMENT…………………………………………………...……....…4

        A. Plaintiffs have satisfied all the requirements of Rule 23(a)…………………….…5

            1.  The class is so numerous that joinder would be impracticable……………5

            2.  Questions of law and fact are common to the class………………………..5

            3.  The class representatives' claims are typical of the class's claims……..…6

            4.  The class representatives will adequately represent the class……….....……7

        B.  The class satisfies the Rule 23(b)(3) predominance and
            superiority requirements………………………………………………………...8

        C.  The class is ascertainable……………………………………………………11

        D.  Proposed class counsel will fairly and adequately represent the class……………13

V.      CONCLUSION………………………………………………….....…..…14

## TABLE OF AUTHORITIES

**Cases**                                                                                          **Page(s)**

*Allapattah Serv., Inc. v. Exxon Corp.*,
    333 F.3d 1248 (11th Cir. 2003)……………………………………...……………9

*Amchem Prods., Inc. v. Windsor,*
    521 U.S. 591 (1997)……………………………………………….…...…..…4, 9

*Amgen Inc. v. Conn. Ret. Plans & Tr. Funds,*
    568 U.S. 455 (2013)…………………………………………………………5

*Brown v. SCI Funeral Servs. of Florida, Inc.*,
    212 F.R.D. 602 (S.D. Fla. 2003)……………………………...……………5, 6

*Carriuolo v. Gen. Motors Co.,*
    823 F.3d 977 (11th Cir. 2016)……………………………….………………9

*Chapman v. Tristar Products, Inc.*,
    No. 1:16-CV-1114, 2017 WL 2643596,  (N.D. Ohio June 20, 2017)….……………10

*In re Checking Account Overdraft Litig.,*
    286 F.R.D. 645 (S.D. Fla. 2012)……………………………….…………8, 11

*Cheney v. Cyberguard Corp.,*
    213 F.R.D. 484 (S.D. Fla. 2003)………………………….……………5, 6

*Cherry v. Dometic Corp.*,
    986 F.3d 1296 (11th Cir. 2021)……………………………………...……………11

*CV Reit, Inc. v. Levy*,
    144 F.R.D. 690 (S.D. Fla. 1992)………………………………………...……5

*Duhaime v. John Hancock Mut. Life Ins. Co.,*
    177 F.R.D. 54 (D. Mass. 1997)…………………………………………5

*Ebin v. Kangadis Food Inc.*,
    297 F.R.D. 561 (S.D.N.Y. 2014)……………………………...…………………12

*Ferron v. Heinz Foods Company*,
    No. 20-CV-62136-RAR, 2021 U.S. Dist. LEXIS 129955,
    (S.D. Fla. July 13, 2021)………………………...………………………..12, 13

*Fitzpatrick v. Gen. Mills, Inc.*,
    635 F.3d 1279 (11th Cir. 2011)…………………………………………...………9

*FTC v. Figgie Int'l, Inc.*,
    994 F.2d 595 (9th Cir. 1993)……………………………………...…………9
.
*Holmes v. Cont'l Can Co.*,
    706 F.2d 1144 (11th Cir. 1983)……………………………….…………4

*Klay v. Humana, Inc.*,
    382 F.3d 1241 (11th Cir. 2004)……………………………………5, 6, 8

*Lambert v. Nutraceutical Corp.*,
    870 F.3d 1170 (9th Cir. 2017)……………………………….…………9

*In re Managed Care Litig.*,
    209 F.R.D. 678 (S.D. Fla. 2002)………………………….……………6

*Miles v. Am. Online, Inc.*,
    202 F.R.D. 297 (M.D. Fla. 2001)……………………………………5

*Nelson v. Mead Johnson*,
    270 F.R.D. 689 (S.D. Fla. 2010)………………………………...………11

*Pottinger v. Miami*,
    720 F. Supp. 955 (S.D. Fla. 1989)………………………………….…………6

*Pettway v. Am. Cast Iron Pipe Co.*,
    576 F.2d 1157 (5th Cir. 1978)……………………………...…….…………4

*Phillips Petroleum Co. v. Shutts*,
    472 U.S. 797 (1985)……………………………………………4

*Rensel v. Centra Tech, Inc.*,
    2 F.4th 1359 (11th Cir. 2021)……………………………...……………11

*Rikos v. Procter & Gamble Co.*,
    799 F. 3d 497 (6th Cir. 2015)…………………………….……………11, 12

*Roper v. Consurve, Inc.*,
    578 F.2d 1106 (5th Cir. 1978)………………………...…………...………9

*In re Scotts EZ Seed Litig.*,
    304 F.R.D. 397 (S.D.N.Y. 2015)……………………………….…………12

*Sosna v. Iowa,*
    419 U.S. 393 (1975)…………………………………………..………………7

*In re Terazosin Hydrochloride Antitrust Litig.,*
    220 F.R.D. 672 (S.D. Fla. 2004)……………………………………..6, 7, 13

*TemPay, Inc. v. Biltres Staffing of Tampa Bay, LLC,*
    945 F. Supp. 2d 1331 (M.D. Fla. 2013)………………….……..……………9

*Valley Drug Co. v. Geneva Pharms., Inc.,*
    350 F.3d 1181 (11th Cir. 2003)………………………………………………7

*In re Visa Check/MasterMoney Antitrust Litig.,*
    280 F.3d 124 (2d Cir. 2001)…………………………………..………………8

**Statutes**

Federal Rule of Civil Procedure 23(a) ........................................................5

Federal Rule of Civil Procedure 23(a)(2) ..................................................6

Federal Rule of Civil Procedure 23(a)(4) ..................................................7

Federal Rule of Civil Procedure 23(b)(3) ..................................................8

Federal Rule of Civil Procedure 23(g)…………………………………..………14

Fla. Stat.§ 501.201 et seq.…………………………………..……..….……2, 8, 9

## I.     INTRODUCTION

Few actions are as appropriate for class treatment as the one at bar. Plaintiffs Nathan Vidal, Debra Hennick[1], Abdjul Martin, and Eduardo Granados ("Plaintiffs") assert claims on behalf of thousands of consumers nationwide who purchased a Reese's Peanut Butter product based on a false and deceptive representation of an artistic carving contained on said product.

On behalf of themselves and their fellow class members, Plaintiffs seek to certify a class under Rule 23 of purchasers of the following products that are manufactured and sold by defendant The Hershey Company ("Hershey"): Reese's Medal, Reese's Peanut Butter Pumpkins, Reese's White Pumpkins, Reese's Pieces Pumpkins, Reese's Peanut Butter Ghost, Reese's White Ghost, Reese's Peanut Butter Bats, Reese's Peanut Butter footBalls, and Reese's Peanut Butter Shapes Assortment Snowmen Stockings Bells (the "Products").  As detailed below, Plaintiffs satisfy all applicable Rule 23 requirements:

***Numerosity.***  Thousands of Products have been sold in Florida and are continuing to be sold, making individual adjudication impractical and satisfying the numerosity requirement.

***Commonality and predominance.*** There are common questions of law and fact that predominate, including whether the average customer was likely to be misled by the packaging for the Products.

***Typicality.***  Each of the named Plaintiffs' claims is typical of the class, and the Plaintiffs are highly motivated to serve the class.

---

[1] Plaintiff Debra Hennick's name was incorrectly spelled in the caption of the complaint as Debra Kennick. Plaintiff will file a motion requesting leave to amend to correct this error shortly.

**Superiority.** Classwide adjudication of Plaintiffs' claims is the superior method to resolve the case, particularly compared to the difficulties in litigating thousands of separate claims by purchasers of the Products.

**Ascertainability.** The class is ascertainable as it is adequately defined such that membership is capable of determination.

**Adequate representation.** Proposed counsel for the class will adequately represent the class and is prepared to continue to vigorously prosecute these claims on behalf of the class.

While fact discovery is ongoing, the evidence uncovered to date shows that Plaintiffs' and Class members' claims all arise from Defendant's uniform course of conduct, and that all factual issues necessary to resolve Plaintiffs' and Class members' claims against Hershey are common and can be proven on a class-wide basis.

As further detailed below, this predominantly common evidence shows that Plaintiffs meet all the requirements of Rule 23(a) and 23(b)(3). Therefore, Plaintiffs respectfully request that this Court certify the proposed class, appoint Plaintiffs as class representatives, and appoint Plaintiffs' counsel as counsel for the class pursuant to Fed. R. Civ. P. 23(g)(l).

## II. THE PROPOSED CLASS

Plaintiffs propose the following class for certification based on Hershey's misleading packaging for the Products under Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat.§ 501.201 *et seq.*. The proposed class (the "Class") is as follows:

> All individuals who purchased, in the State of Florida, a Reese's Medal, Reese's Peanut Butter Pumpkins, Reese's White Pumpkins, Reese's Pieces Pumpkins, Reese's Peanut Butter Ghost, Reese's White Ghost, Reese's Peanut Butter Bats, Reese's Peanut Butter footBalls, or Reese's Peanut

Butter Shapes Assortment Snowmen Stockings Bells, at any time between June 1, 2021, and the date of the final disposition of this action. Excluded from the Class are Defendant's current or former officers, directors, and employees; counsel for Plaintiffs and Defendant; and the judicial officer to whom this lawsuit is assigned.

If the Court declines to certify a class of purchasers for all of the Products at issue, Plaintiffs propose that the Court certify the following class of purchasers of the Products that Plaintiffs purchased:

All individuals who purchased, in the State of Florida, a Reese's Peanut Butter Pumpkins, Reese's White Pumpkins, Reese's Peanut Butter Ghost, Reese's Peanut Butter Bats, or Reese's Peanut Butter footBalls, at any time between June 1, 2021, and the date of the final disposition of this action. Excluded from the Class are Defendant's current or former officers, directors, and employees; counsel for Plaintiffs and Defendant; and the judicial officer to whom this lawsuit is assigned.

## III.    FACTUAL SUMMARY

This class action challenges Hershey's deceptive marketing practices for Reese's Medal, Reese's Peanut Butter Pumpkins, Reese's White Pumpkins, Reese's Pieces Pumpkins, Reese's Peanut Butter Ghost, Reese's White Ghost, Reese's Peanut Butter Bats, Reese's Peanut Butter footBalls, and Reese's Peanut Butter Shapes Assortment Snowmen Stockings Bells. *See* Class Action Complaint at ¶ 2 [ECF No. 1] ("Complaint"). Specifically, Plaintiffs allege that Hersey is falsely representing several Reese's Peanut Butter products as containing explicit carved out artistic designs when there are no such carvings in the actual products and the products are blanks. *Id*. at ¶¶ 3-27.

Hershey's deceptive advertising is causing many consumers to purchase the Products because of the cool and beautiful carved out designs on the Products' packaging, when they would have not purchased the Products if they were truthfully advertised. *Id*. at ¶¶ 15-22.

Plaintiffs and numerous other customers purchased the Products after viewing and relying on the alleged pictures of the Products as contained on the Products' packaging. *Id*. at ¶ 80. Plaintiffs and the members of the Class have been aggrieved by Defendant's unfair and deceptive practices in violation of FDUTPA, in that they purchased the Products with the reasonable expectation that the Products would look similar to the pictures displayed on the Products' packaging. *Id*. at ¶ 81. Plaintiffs and the members of the Class suffered damages amounting to, at a minimum, the price that they paid for the Products. *Id*. at ¶¶ 84.

Common evidence in this lawsuit will include the packaging for the Products containing the alleged materially misleading photographs of the Products and photographs of the actual Products.

## IV.    ARGUMENT

The purpose of class action cases is to provide plaintiffs an opportunity to vindicate their interests who would otherwise not realistically be able to seek judicial relief.[2] *See Holmes v. Cont'l Can Co.,* 706 F.2d 1144, 1154 (11th Cir. 1983) (describing "the policies of Rule 23" and observing "the individual might be unable to obtain counsel to prosecute his action when the amount of individual damages is relatively small") (quoting *Pettway v. Am. Cast Iron Pipe Co.,* 576 F.2d 1157, 1220-21 n.80 (5th Cir. 1978)).

---

[2] In crafting Rule 23, "the Advisory Committee had dominantly in mind vindication of 'the rights of groups of people who individually would be without effective strength to bring their opponents into court at all.'" *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 617 (1997) (citation omitted); *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 809 (1985).

Although the Court must undertake a rigorous analysis of the Rule 23 prerequisites, the Court has broad discretion to certify. *Klay v. Humana, Inc.*, 382 F.3d 1241, 1251 (11th Cir. 2004). And "Rule 23 grants courts no license to engage in free ranging merits inquiries at the certification stage. Merits questions may be considered to the extent-but only to the extent-that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455,466 (2013). As detailed below, Plaintiffs have met all Rule 23 requirements here.

**A.      Plaintiffs have satisfied all the requirements of Rule 23(a).**

**1.      The class is so numerous that joinder would be impracticable.**

There is no dispute that the numerosity requirement is satisfied here.  Although the parties are still engaged in discovery to determine the approximate number of units sold, Defendant will not dispute that thousands of units of the Products have been sold throughout Florida, since June 1, 2021. The Products are sold in nearly every supermarket, pharmacy, and gas station located in Florida, of which there are thousands of locations. Accordingly, there are likely thousands of class members that purchased the Products in Florida, easily surpassing the standard numerosity benchmarks in this District.[3]

**2.      Questions of law and fact are common to the class.**

The "commonality" requirement of Rule 23(a)(2) "is a 'low hurdle' easily surmounted." *Duhaime v. John Hancock Mut. Life Ins. Co.,* 177 F.R.D. 54, 63 (D. Mass. 1997) (citation omitted); *see also Cheney v. Cyberguard Corp.,* 213 F.R.D. 484,490 (S.D. Fla. 2003)

---

[3] Courts in the Southern District and the Middle District have found numerosity where the class numbered 500, 4,700 and 9,000. *See Brown v. SCI Funeral Servs. of Florida, Inc.*, 212 F.R.D. 602, 604 (S.D. Fla. 2003) (9,000); *Miles v. Am. Online, Inc.*, 202 F.R.D. 297 (M.D. Fla. 2001) (4,700); *CV Reit, Inc. v. Levy*, 144 F.R.D. 690, 696 (S.D. Fla. 1992) (500).

(commonality threshold is "not high").  It only requires "a *single* common issue of law or fact." *In re Managed Care Litig.,* 209 F.R.D. 678,682 (S.D. Fla. 2002), *overruled in part on other grounds* by *Klay, supra* (emphasis in original) (citation omitted).  Where the defendant is alleged to have "engaged in a standardized course of conduct that affects all class members," commonality is satisfied. *In re Terazosin Hydrochloride Antitrust Litig.,* 220 F.R.D. 672, 685-86 (S.D. Fla. 2004).  Moreover, "Plaintiffs' legal claims need not be completely identical and factual differences concerning treatment or damages will not defeat a finding of commonality." *Brown,* 212 F.R.D. at 604 (citations omitted).

Commonality is met here by common questions of law and fact, including:

- Whether Hershey's packaging for the Products violates Florida's Deceptive And Unfair Trade Practices Act ("FDUTPA");

- Whether the disclosure in tiny print of the statement "DECORATING SUGGESTION" adequately informs consumers that the artistic carving is not included on the product;

- Whether a reasonable consumer is likely to be misled by the packaging for the Products; and

- Whether the Products were worthless to consumers because they did not contain the artistic carvings as represented.

These common questions satisfy Rule 23(a)(2).

### 3.    The class representatives' claims are typical of the class's claims.

The "typicality" requirement is met when the claims of the representative plaintiffs arise from the same course of conduct that gives rise to the claims of the other class members, and where the claims are based upon similar legal theories and are not antagonistic to those of the class. *Pottinger v. Miami,* 720 F. Supp. 955, 959 (S.D. Fla. 1989).  Typicality and commonality are related, with commonality referring to the group characteristics of the class as a whole, and

typicality focusing on the named plaintiffs' claims in relation to the class. *In re Terazosin Hydrochloride Antitrust Litig.,* 220 F.R.D. at 686 n.23.

Plaintiffs and members of the class have all experienced the same pattern of behavior from Hershey in this case. Hershey's represents to Plaintiffs, and members of the class, photographs of what a purchaser would expect to receive if they purchased one of the Products. Each of the Plaintiffs purchased a Product based on Hershey's representations. Complaint at ¶¶ 29, 33, 37, 41. Each Plaintiff has alleged that the Product that they received was different than what they expected and that they would not have purchased the Products if they had known that they did not contain the artistic carvings as represented on the Products' packaging. *Id.* at ¶¶ 31, 35, 39, 43. Plaintiffs easily meet the typicality requirement here.

### 4.   The class representatives will adequately represent the class.

Rule 23(a)(4) requires that the representative parties will "fairly and adequately protect the interests of the class." This requirement is satisfied when (i) the class representatives have no interests conflicting with the class; and (ii) the representatives and their attorneys will properly prosecute the case. *Sosna v. Iowa,* 419 U.S. 393,403 (1975); *Valley Drug Co. v. Geneva Pharms., Inc.,* 350 F.3d 1181, 1189 (11th Cir. 2003). Both prongs are satisfied here.

The class representatives are not only adequate to serve the class, but they have also demonstrated their eagerness and commitment to do so. Each class representative has agreed to be a named plaintiff in this public lawsuit and has retained attorneys experienced in class action and complex litigation. Each class representative has thus far engaged in extensive discovery, including searching and producing any relevant documents and providing verified answers to interrogatories. Each class representative has committed to sitting for depositions and testifying at the trial on this matter. Further, the class representatives have no "interests

conflicting with the class." Accordingly, the representative parties have demonstrated that they will "fairly and adequately protect the interests of the class."

**B.      The class satisfies the Rule 23(b)(3) predominance and superiority requirements.**

Rule 23(b)(3) allows a class action when "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members." These common issues predominate if they "'have a direct impact on every class member's effort to establish liability and on every class member's entitlement to injunctive and monetary relief.'" *Klay,* 382 F.3d at 1255 (citation omitted).  It is not necessary that all questions of law or fact be common, only some questions must be common, and they must predominate over individual questions.[4] Here, the common questions predominate over any class member's individual questions, because they have a direct impact on every class member's effort to establish liability and on every class member's entitlement to monetary relief under Florida's Deceptive And Unfair Trade Practices Act.

At trial, Plaintiffs will present common evidence to demonstrate that Hershey violated FDUTPA.  Whether Hershey's packaging for the Products violated FDUTPA, whether the disclosure in tiny print of the statement "DECORATING SUGGESTION" adequately informs consumers that the artistic carving is not included on the product, whether the packaging would likely mislead a reasonable consumer, and whether the Products were worthless to consumers because they did not contain the artistic carvings as represented, are common questions subject to common proof.

---

[4] *Klay,* 382 F.3d at 1254; *see also In re Checking Account Overdraft Litig.,* 286 F.R.D. 645, 655 (S.D. Fla. 2012) ("[T]he rule 'calls only for predominance, not exclusivity, of common questions.'") (quoting *In re Visa Check/MasterMoney Antitrust Litig.,* 280 F.3d 124, 140 (2d Cir. 2001)).

The concept of "unfair and deceptive conduct is extremely broad" under FDUTPA. *See TemPay, Inc. v. Biltres Staffing of Tampa Bay, LLC*, 945 F. Supp. 2d 1331, 1344 (M.D. Fla. 2013) (internal quotation marks and citations omitted). It includes conduct that would deceive "an objective reasonable consumer." *Fitzpatrick v. Gen. Mills, Inc*., 635 F.3d 1279, 1283 (11th Cir. 2011) (citation omitted). Plaintiffs need not prove reliance on any specific false statement or omission by Hershey, but only that "an objective reasonable person would have been deceived." *Fitzpatrick*, 635 F.3d at 1283. "The mental state of each class member is irrelevant." *Carriuolo v. Gen. Motors Co*., 823 F.3d 977, 985 (11th Cir. 2016). Consumer class actions are particularly appropriate where, as here, the defendant exhibits a common course of conduct.[5]

In addition, damages are measurable on a class wide basis under the full refund damages model. The full refund model measures damage by presuming a full refund for each customer, on the basis that the product has no or only a de minimis value to the consumer. *FTC v. Figgie Int'l, Inc*., 994 F.2d 595, 606 (9th Cir. 1993). The full refund damages model is the appropriate damages model in this case because the Products purchased by Plaintiffs and the members of the Class are worthless to them because they purchased the Products for the artistic designs, which they did not receive, and were completely misrepresented. Accordingly, the average retail price of the Products will be used as common evidence at trial. *See Lambert v. Nutraceutical Corp*., 870 F.3d 1170, 1183-1184 (9th Cir. 2017) (finding that under the full refund damages model, evidence of the retail price is sufficient to withstand a motion to decertify the class). Evidence of the retail price for the Products is widely available through Hershey's and retailers' websites online and several prices

---

[5] *See, e.g., Amchem Prods. Inc.,* 521 U.S. at 625 ("Predominance is a test readily met in certain cases alleging consumer ... fraud[.]"); *Allapattah Servs., Inc. v. Exxon Corp.,* 333 F.3d 1248 (11th Cir. 2003); *Roper v. Consurve, Inc.,* 578 F.2d 1106 (5th Cir. 1978).

have been cited by Plaintiffs in the Complaint. Complaint at ¶¶ 29, 33, 37, 41. In addition, historical pricing information from websites will be obtained from the Wayback Machine at https://web.archive.org/ and from consumer posts and reviews on video and social media sites such as YouTube and Facebook. Further, differences in the prices paid by class members do not defeat class certification. *See Chapman v. Tristar Products, Inc.*, No. 1:16-CV-1114, 2017 WL 2643596, (N.D. Ohio June 20, 2017) (holding "[t]hat Class members bought Cookers at different prices than other members does not necessitate decertification.[15] After all, '[i]t would drive a stake through the heart of the class action device, in cases in which damages were sought . . . to require that every member of the class have identical damages.'[16]").

A class action is also the superior method for resolving this case. The factors for determining superiority are provided in Rule 23(b)(3): (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action. Class members do not have a sufficiently strong interest in controlling the case due to its size and complexity-particularly when the damages exceed the costs of pursuing individual claims. Nor is there any other significant litigation concerning the misrepresentations at issue. The undersigned is not aware of any other pending case involving the misrepresentations at issue.

Finally, there are no significant or unusual difficulties in managing this case. Hershey's liability can be proven by its packaging and photographs of the actual products, which are common to the entire class. Any difficulties encountered in this case would pale in

comparison to the problems that millions of individual actions would bring.

**C.    The class is ascertainable.**

The Eleventh Circuit has held that Rule 23 implicitly requires that a proposed class be "adequately defined such that its membership is capable of determination." *Cherry v. Dometic Corp.*, 986 F.3d 1296, 1304 (11th Cir. 2021).

Here, the class definitions are precise and class membership can be determined by entirely objective means: if an individual purchased one of the Products in the United States during the Class period, they are a member of the class. *See, e.g., In re Checking Account Overdraft Litig.*, 286 F.R.D. at 650; *Nelson v. Mead Johnson*, 270 F.R.D. 689, 691 (S.D. Fla. 2010) (certifying class of "[a]ll Florida consumers who purchased [product] within the applicable statute of limitations").

The 11th Circuit has held that the ascertainability requirement does not require a party to establish that a class is administratively feasible. *See Rensel v. Centra Tech, Inc.*, 2 F.4th 1359, 1368 (11th Cir. 2021) (holding that "our recent decision in Cherry clarified that to meet this ascertainability requirement, the party seeking certification need not establish its ability to identify class members in a convenient or administratively feasible manner.").

Even though a showing is not required, this case can be administered in a convenient and administratively feasible manner. Class members can be identified using a combination of Defendant's online sales records, third party sales data (grocery stores, pharmacies, and online stores such as Amazon.com), delivery service sales data (Instacart, Uber, Seamless, and Doordash), and potential class members' affidavits. *See Rikos v. Procter & Gamble Co.*, 799 F. 3d 497, 527-29 (6th Cir. 2015) (finding ascertainability requirement satisfied where (1) there was "evidence that a single purchaser [in proposed class] . . . could be identified using records of customer membership cards or records of online sales"; (2) defendant sold a significant amount of

products to consumers online; and (3) "[s]tore receipts and affidavits can supplement these methods") (emphasis added). Applying these standards, the defined Classes are clearly ascertainable.

Hershey possesses information useful for identifying class members. Hershey has sold and continues to sell the Products online, which necessarily require a customer's email address to place an order.

In addition, class members regularly purchase the Products through stores such as Amazon.com, Walmart, Costco, BJs, and Publix, and through third-party food delivery services such as Instacart, Grubhub, Doordash, Seamless, and Uber Eats. Said third parties possess customer emails that could be used to identify class members who purchased any of the Products and which can also be used to cross-reference and substantiate self-identifying affidavits to confirm class membership.

Finally, self-identification of class members will be a manageable process because the Products were sold based on the same uniform advertisements. *See, e.g., Ebin v. Kangadis Food Inc*., 297 F.R.D. 561, 567 (S.D.N.Y. 2014) (finding class ascertainable and self-identification of class members a manageable process). Receipts are not required for low value purchases in class actions. *See, e.g., In re Scotts EZ Seed Litig*., 304 F.R.D. 397, 407 (S.D.N.Y. 2015) ("The Court agrees with Judge Rakoff's reasoning in *Ebin*. Declining to certify classes when consumers are likely to lack proof of purchase would render class actions against producers almost impossible to bring." (internal quotations omitted)). Recently, the Court in *Ferron v. Heinz Foods Company*, No. 20-CV-62136-RAR, 2021 U.S. Dist. LEXIS 129955, (S.D. Fla. July 13, 2021), certified a settlement class of consumer purchasers of Maxwell House and Yuban branded coffee products, and found that the "…the Settlement Class is ascertainable because the criteria for class

- 12 -

membership is objectively defined, making self-identification by Class Members possible and membership in the class is capable of determination by others as well." *See also* Exhibit 1 to the Declaration of James C. Kelly In Support of Plaintiffs' Motion For Class Certification, filed herewith as Exhibit A (attaching a list of 44 cases—28 of which were contested—where certification was granted although customer receipts may be unavailable).

Here, some Class members will be able to self-identify through proof of purchase (such as receipts or credit card statements) or through affidavit, and this can be cross-referenced with the other data collected and subjected to fraud-prevention checks.

Based on the foregoing, the Classes are ascertainable and class members can be identified through an administratively feasible method.

**D.    Proposed class counsel will fairly and adequately represent the class.**

Rule 23(g) requires that the Court appoint counsel who will "fairly and adequately represent the interests of the class." *See In re Terazosin Hydrochloride Antitrust Litig.,* 220 F.R.D. at 701. The court evaluates counsel based on (1) their work in identifying and investigating plaintiffs' claims; (2) their experience handling similar cases; (3) their knowledge of applicable law; and (4) the resources to commit to prosecuting this action. Fed. R. Civ. P. 23(g)(l)(A).

Each of these considerations weighs in favor of appointing Anthony J. Russo and James C. Kelly, from The Russo Firm, as counsel for the class. Plaintiffs have retained highly capable counsel with extensive experience in successfully prosecuting consumer class actions, mass torts, and complex litigation matters throughout the United States.[6] They have

---

[6] *See* the Joint Declaration dated February 21, 2025, filed herewith as Exhibit B.

vigorously and effectively prosecuted this case on behalf of the proposed class, including conducting an investigation, preparing and filing the class action complaint, screening and evaluating potential plaintiffs and class representatives, responding to Hershey's motion to dismiss, serving and responding to numerous discovery demands, addressing numerous discovery disputes, drafting third-party subpoenas, analyzing potential evidence, retaining a mediator that has substantial experience in mediating class actions, and preparing and filing this motion for class certification.

Plaintiffs' counsel have litigated this action since its inception and have already committed significant resources to this litigation.  Proposed counsel for the class satisfy the Rule 23(g) factors.

## V.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully submit that the proposed classes meet all of the Rule 23 requirements, and request that this Court certify the nationwide class, appoint plaintiffs as class representatives, and appoint Anthony J. Russo, Jr. and James C. Kelly as counsel for the class.

Date: February 21, 2025

Respectfully submitted,

/s/ *Anthony Russo*
Anthony Russo, Esq.
Florida Bar No. 43109
THE RUSSO FIRM
1001 Yamato Road, Suite 106
Boca Raton, FL 33431
T: 844-847-8300
E: anthony@therussofirm.com

James C. Kelly, Esq. (admitted *pro hac vice*)

THE RUSSO FIRM
244 5th Avenue, Suite K-278
New York, NY 10001
T: 212-920-5042
E: jkelly@therussofirm.com

*Counsel for Plaintiffs*
*and the proposed class*