IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Nathan Vidal and Eduardo Granados, on behalf of themselves and all other similarly situated individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>The Hershey Company,<br><br>Defendant. | CASE NO. 24-60831-CIV-DAMIAN<br><br>JURY TRIAL DEMANDED |

**FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiffs Nathan Vidal and Eduardo Granados (referred to herein as "Plaintiffs"), by and through their undersigned counsel, upon personal knowledge as to themselves and upon information and belief as to all other matters, allege as follows:

1. Plaintiffs bring this action against defendant The Hershey Company (referred to herein as "Hershey" or "Defendant"), on behalf of themselves and all other similarly situated individuals who purchased a Reese's Peanut Butter Pumpkins product based on a false and deceptive representation of an artistic carving contained on said product (the "Product").

**FACTUAL ALLEGATIONS**

2. This is a class action against Hershey for falsely representing that its Reese's Peanut Butter Pumpkins product contains explicit carved out artistic designs when there are no such carvings in the actual product and the product is blank.

1

3. Hershey's deceptive advertising is causing many consumers to purchase the Product because of the cool and beautiful carved-out designs on product packaging, when they would not have purchased the Product if they were truthfully advertised.

4. For example, Reese's Peanut Butter Pumpkins are pictured on the product packaging as containing carved-out eyes and a mouth as follows:



5.      However, the actual Reese's Peanut Butter Pumpkins product contains no carvings for the eyes and mouth and looks as follows:



6.      Hershey's packaging for the Product is materially misleading, and numerous consumers have been tricked and misled by the pictures on the Product's packaging.

7.      For example, in a YouTube video titled "Reese's Halloween Candy LIED To Me!", the product reviewer was angry after he discovered that the Reese's Peanut Butter Pumpkins did not contain the carved-out eyes and mouth as shown on the packaging. *See* https://www.youtube.com/shorts/WbEdIgAoj9w.

8.      Another YouTube reviewer was "flabbergasted" and stated "Reese's what are you doing! Look at the picture on the packet. It's like a pumpkin with faces and a little mouth -- then you open up the packet and you are presented with that monstrosity." https://youtu.be/CvIZ-C24Hs0?t=253. *See also* https://youtu.be/Dd0jtqorFes?t=45 (a consumer stating "awe man, I thought it would have a face on it, it's just a chocolate blob. That's a little disappointing."); https://youtu.be/xIF9mHil5QI?t=28 (a consumer stating "they are showing faces [on the packaging] with mouths and eyes and of course, they did not do that, they are just plain

3

chocolate....so that is just another example of somewhat misleading advertising and being cheap….").

9.      Numerous other consumers, as evidenced by the following linked YouTube videos, complained that the Product did not look like the picture on the packaging:

> https://www.youtube.com/shorts/wgnmALOKrLg;
> https://www.youtube.com/shorts/Ql0-lYUWCp0;
> https://www.youtube.com/watch?v=TikkzAA64VQ;
> https://youtu.be/CY1mhlEl7Ls?t=42.

10.     Even a long-time purchaser of Reese's Peanut Butter Pumpkins, stated that "it is kind of deceptive because on the front of the package they make it look like there is a little face cut into them, a jack-o-lantern face, and that is not the case. I have bought these, like a said, for years now and they do not have a face cut into them….I just don't think they should do that. If you are going to show a face, put a face on it." *See* https://youtu.be/icCTmmec-pk?t=249.

## PLAINTIFFS' INDIVIDUAL ALLEGATIONS

11.     On October 29, 2023, while shopping at a Publix grocery store, located in Broward County, Florida, Plaintiff Nathan Vidal saw the Reese's Peanut Butter Pumpkins for sale and believed that the product contained a cool looking carving of a pumpkin's mouth and eyes as pictured on the product packaging.

12.     Relying on the picture on the product packaging, Mr. Vidal purchased multiple bags of Reese's Peanut Butter Pumpkins for approximately $8 each.

13.     However, the Reese's Peanut Butter Pumpkins that Mr. Vidal purchased did not contain any of the artistic carvings of the mouth or eyes as pictured on the label and they were all blank.

14.     Had the front-panel depictions been truthful (or had he known the pieces were blank), Mr. Vidal would have paid less or not purchased.

15. On November 2, 2023, while shopping at a Publix grocery store, located in Broward County, Florida, Plaintiff Eduardo Granados saw the Reese's Peanut Butter Pumpkins for sale and believed that the product contained a cool looking carving of a pumpkin's mouth and eyes as pictured on the product packaging.

16. Relying on the picture on the product packaging, Mr. Granados purchased a bag of Reese's Peanut Butter Pumpkins for $2.65.

17. However, the Reese's Peanut Butter Pumpkins that Mr. Granados purchased did not contain any of the artistic carvings of the mouth or eyes as pictured on the label and they were all blank.

18. Had the front-panel depictions been truthful (or had he known the pieces were blank), Mr. Granados would have paid less or not purchased.

19. The front panel of Reese's "Pumpkins" prominently depicts individual pieces with carved facial features, conveying that each piece bears those features.

20. Plaintiffs purchased for the novelty/party-display value of the depicted faces, not merely for generic chocolate-and-peanut-butter candy.

21. Plaintiffs' bags contained no pieces with carved faces; the pieces were blank.

### ECONOMIC INJURY (PRICE PREMIUM)

22. In retail commerce, Reese's Peanut Butter Pumpkins are priced higher per ounce than regular Reese's Peanut Butter Cups across mainstream retailers and the manufacturer's website. That same-brand differential is concrete, measurable, and material.

23. For example, at Target, Reese's Peanut Butter Pumpkins are sold in a package labeled 16.2 oz for $8.29, which yields a unit price of approximately $0.5117 per ounce. *See* Exhibit A (attaching a printout from Target's website on October 6, 2025). By contrast, regular

Reese's Peanut Butter Cups are sold at the same shelf price of $8.29 but in a larger 19.5-oz package, which yields a unit price of approximately $0.4251 per ounce. *See* Exhibit B (attaching a printout from Target's website on October 6, 2025). On this same-brand, same-retailer comparison, Reese's Peanut Butter Pumpkins command about a 20.4% higher per-ounce price than regular Reese's.

24. At Walmart, Reese's Peanut Butter Pumpkins are offered in a 16.2-oz package for $6.52, which yields a unit price of approximately $0.4025 per ounce. *See* Exhibit C (attaching a screenshot from Walmart's website on October 6, 2025). Regular Reese's Peanut Butter Cups are offered at the same shelf price of $6.52 in a larger 19.5-oz package, yielding a unit price of approximately $0.3344 per ounce. *See* Exhibit D (attaching a screenshot from Walmart's website on October 6, 2025). On this same brand comparison at Walmart, Reese's Peanut Butter Pumpkins carry about a 20.4% higher per-ounce price than regular Reese's.

25. Further, on Hershey's own webstore, Reese's Peanut Butter Pumpkins are sold in a 36-count configuration of 1.2-oz pieces (total 43.2 oz) for $34.99, which is approximately $0.810 per ounce. *See* Exhibit E (attaching a printout from Hershey's website on September 29, 2025). Regular Reese's Peanut Butter Cups are sold in a 36-count configuration of 1.5-oz pieces (total 54.0 oz) at the same price of $34.99, which is approximately $0.648 per ounce. *See* Exhibit F (attaching a printout from Hershey's website on September 29, 2025). On Hershey's own website, Reese's Peanut Butter Pumpkins thus carry about a 25% higher per-ounce price than regular Reese's—roughly $7 more per 36-count box at the cups' unit rate.

26. Together, these representative market snapshots show that the Reese's Peanut Butter Pumpkins systematically commands a material same-brand per-ounce premium over regular Reese's Peanut Butter Cups at major retailers and directly from the manufacturer.

27. Plaintiffs' actual damages are the price-premium overcharge, measured as the per-ounce differential between Reese's Peanut Butter Pumpkins and regular Reese's Peanut Butter Cups, applied to the price actually paid. Plaintiffs would have paid less or not purchased had they known that the depicted piece-level carved faces were not present on the pieces inside.

## **THE PARTIES**

28. Plaintiff Nathan Vidal is an individual consumer over the age of eighteen (18), who resides in the state of Florida.

29. Plaintiff Eduardo Granados is an individual consumer over the age of eighteen (18), who resides in the state of Florida.

30. Defendant, The Hershey Company, a Delaware Corporation, is one of the largest chocolate manufacturers in the world and maintains its principal executive offices in Hershey, Pennsylvania. The Hershey Company, at all times material hereto, was registered and conducting business in Florida, maintained agents for the customary transaction of business in Florida, and conducted substantial and not isolated business activity within this state.

31. Hershey manufactures Reese's Peanut Butter products, including the Product at issue in this action.

32. The advertising and labeling for the Product at issue in this case were prepared and/or approved by Hershey and its agents, and were disseminated by Hershey and its agents through advertising and labeling containing the misrepresentations alleged herein.

33. The pictures on the Product's packaging were designed to encourage consumers to purchase the Product and reasonably misled reasonable consumers, including Plaintiffs and the Class into purchasing the Product. Hershey markets and distributes the Product, and is the

company that created and/or authorized the unlawful, fraudulent, unfair, misleading and/or deceptive advertising and images for the Product.

34.     Plaintiffs allege that, at all times relevant herein, Hershey and its subsidiaries, affiliates, and other related entities and suppliers, as well as their respective employees, were the agents, servants and employees of Hershey and at all times relevant herein, each was acting within the purpose and scope of that agency and employment.

35.     In addition, Plaintiff alleges that, in committing the wrongful acts alleged herein, Hershey, in concert with its subsidiaries, affiliates, and/or other related entities and suppliers, and their respective employees, planned, participated in and furthered a common scheme to induce members of the public to purchase the Product by means of untrue, misleading, deceptive, and/or fraudulent representations, and that Hershey participated in the making of such representations in that it disseminated those misrepresentations and/or caused them to be disseminated.

36.     Whenever reference in this Class Action Complaint is made to any act by Hershey or its subsidiaries, affiliates, distributors, retailers and other related entities and suppliers, such allegation shall be deemed to mean that the principals, officers, directors, employees, agents, and/or representatives of Hershey committed, knew of, performed, authorized, ratified and/or directed that act or transaction on behalf of Hershey while actively engaged in the scope of their duties.

## JURISDICTION AND VENUE

37.     This Court has original diversity jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). Plaintiffs are citizens of the state of Florida and Defendant is a citizen of the state of Delaware and is headquartered with its principal place of business in the state of Pennsylvania. The matter in controversy, which includes the purchase price

for all sales of the Product in the state of Florida, during the statute of limitations, exceeds the sum or value of $5,000,000, exclusive of interest and costs, and this is a class action in which the number of members of the proposed class is not less than 100.

38.     This Court also has diversity jurisdiction over Plaintiffs' state law claim pursuant to 28 U.S.C. § 1332(a). The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and certain members of the proposed class are citizens of states different from the state in which Defendant is a citizen.

39.     Venue is proper pursuant to 28 U.S.C. § 1391. A substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district. Also, Defendant has used the laws within, and has done substantial business in, this judicial district in that it has promoted, marketed, distributed, and sold the Product at issue in this judicial district. Finally, there is personal jurisdiction over Defendant in this judicial district.

## CLASS ACTION ALLEGATIONS

40.     Plaintiffs bring this action on behalf of themselves and all other similarly situated individuals pursuant to Rule 23 of the Federal Rules of Civil Procedure and seeks certification of the following Class against Defendant for violations of FDUTPA:

> All consumers who purchased the Product in the State of Florida, as detailed herein, within the statute of limitations period, including any tolling period (the "Class" and "Class Period"). Excluded from the Class are Defendant's current or former officers, directors, and employees; counsel for Plaintiffs and Defendant; and the judicial officer to whom this lawsuit is assigned.

41.     Plaintiffs reserve the right to amend the definition of the Class if discovery and further investigation reveals that the Class should be expanded or otherwise modified.

42.     Plaintiffs reserve the right to establish sub-classes as appropriate.

43. There is a well-defined community of interest among members of the Class, and the disposition of the claims of these members of the Class in a single action will provide substantial benefits to all parties and to the Court.

44. The members of the Class are so numerous that joinder of all members of the Class is impracticable. At this time, Plaintiffs believe that the Class includes thousands of members. Therefore, the Class is sufficiently numerous that joinder of all members of the Class in a single action is impracticable under Federal Rule of Civil Procedure Rule 23(a)(1), and the resolution of their claims through the procedure of a class action will be of benefit to the parties and the Court.

45. Plaintiffs' claims are typical of the claims of the members of the Class whom they seek to represent because Plaintiffs and each member of the Class has been subjected to the same deceptive and improper practices by Defendant and have been damaged in the same manner.

46. Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class as required by Federal Rule of Civil Procedure Rule 23(a)(4). Plaintiffs have no interests that are adverse to those of the members of the Class that they seek to represent. Plaintiffs are committed to the vigorous prosecution of this action and, to that end, Plaintiffs have retained counsel that is competent and experienced in handling complex class action litigation on behalf of consumers.

47. A class action is superior to all other available methods of the fair and efficient adjudication of the claims asserted in this Complaint under Federal Rule of Civil Procedure 23(b)(3) because:

   a. The expense and burden of individual litigation would not be economically feasible for members of the Class to seek to redress their claims other than through the procedure of a class action.

  b. If separate actions were brought by individual members of the Class, the resulting multiplicity of lawsuits would cause members to seek to redress their claims other than through the procedure of a class action; and

  c. Absent a class action, Defendant likely would retain the benefits of its wrongdoing, and there would be a failure of justice.

48. Common questions of law and fact exist as to the members of the Class, as required by Federal Rule of Civil Procedure 23(a)(2), and predominate over any questions that affect individual members of the Class within the meaning of Federal Rule of Civil Procedure 23(b)(3).

49. The common questions of fact include, but are not limited to, the following:

  a. Whether the practice by Defendant of selling the falsely advertised Product violates the Florida Deceptive and Unfair Trade Practices Act;

  b. Whether Defendant engaged in unlawful, unfair, misleading, and/or deceptive business acts or practices; and

  c. Whether Plaintiffs and members of the Class are entitled to an award of reasonable attorneys' fees, pre-judgment interest, and costs of this suit.

50. Plaintiffs are not aware of any difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

## COUNT 1
### Violation of Florida Deceptive And Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq*.

51. Plaintiffs incorporate by reference all foregoing paragraphs as though fully set forth herein.

52. Plaintiffs bring this claim on behalf of themselves, and the members of the proposed Class.

53. Plaintiffs and the members of the Class are "consumers" within the meaning of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat.§ 501.203(7).

54. Defendant is engaged in "trade or commerce" within the meaning of Fla. Stat. § 501.203(8).

55. FDUTPA prohibits "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce...." Fla. Stat. § 501.204(1).

56. Defendant participated in unfair and deceptive trade practices that violated the FDUTPA as described herein.

57. Defendant's Product is a "good" within the meaning of FDUTPA.

58. Defendant's unfair and deceptive practices are likely to mislead— and have misled—reasonable consumers, such as Plaintiffs and members of the Class, and therefore, violate § 501.204.

59. Defendant has violated FDUTPA by engaging in the unfair and deceptive practices described above, which offend public policies and are immoral, unethical, unscrupulous and substantially injurious to consumers.

60. Specifically, Defendant marketed and advertised the Product in a deceptive, false and misleading manner by using photographs of the Product that are materially inaccurate.

61. Defendant, directly or through its agents and employees, made false representations, concealments, and nondisclosures to Plaintiffs and members of the Class.

62. Plaintiffs and numerous other customers purchased the Product based on Defendant's false and misleading representations.

63. Plaintiffs and numerous other customers purchased the Product after viewing and relying on the alleged pictures of the Product as contained on the Product's packaging.

64. Plaintiffs and the members of the Class have been aggrieved by Defendant's unfair and deceptive practices in violation of FDUTPA, in that they purchased the Product with the reasonable expectation that the Product would look similar to the pictures displayed on the Product's packaging.

65. Reasonable consumers rely on Defendant to honestly market and label the Product in a way that does not deceive reasonable consumers.

66. Defendant has deceived reasonable consumers, like Plaintiffs and the members of the Class, into believing the Product was something that it was not.

67. Plaintiffs and the members of the Class were injured by paying a price premium for the Product as a result of Defendant's deceptive packaging.

68. Actual damages are the price-premium overcharge, measured as the per-ounce differential between Reese's Peanut Butter Pumpkins and regular Reese's Peanut Butter Cups, applied to the prices actually paid.

69. The damages suffered by Plaintiffs and the members of the Class were directly and proximately caused by the deceptive, misleading, and unfair practices of Defendant.

70. Pursuant to § 501.211(2) and § 501.2105, Plaintiffs and the members of the Class are entitled to damages, attorney's fees and costs.

## **RELIEF REQUESTED**

71. Accordingly, Plaintiffs, on behalf of themselves and the members of the Class, seek judgment as follows:

1. Certifying the Class as requested herein, certifying Plaintiffs as the representatives of the Class, and appointing Plaintiffs' counsel as counsel for the Class;

2. Awarding Plaintiffs and the members of the Class compensatory damages in an amount according to proof at trial;

3. Awarding attorneys' fees, expenses, and recoverable costs reasonably incurred in connection with the commencement and prosecution of this action; and

4. Directing such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs and the Class demand a trial by jury as to all matters so triable.

Dated: December 4, 2025

/s/ *Anthony J. Russo*
Anthony J. Russo, Esq.
Florida Bar No. 43109
Anthony J. Russo, Jr., P.A.
d/b/a The Russo Firm
1001 Yamato Road, Suite 106
Boca Raton, FL 33431
T: 844-847-8300
E: anthony@therussofirm.com

*Counsel for Plaintiffs*